Curran, Dennis J., J.
The defendant City of Somer-ville has filed a motion to dismiss alleging that the plaintiff has failed to comply with the presentment requirements set forth in G.L.c. 258, section 4. After reviewing the moving and opposition papers and a hearing, this motion must be DENIED for the following reasons.
The City is correct that the letter dated May 11, 2011 sent by the plaintiffs attorney to the Mayor of Somerville in behalf of the child Rodrigo Rodriguez was hardly a model of precision. It notifies the cify Mayor that a child was hurt while he was leaving school on April 14, 2011 when a metal frame fell off the front door and hit the child in the head. It requested a copy of any reports on the matter as well as any prior reports relating to the alleged defective door frame. Notably, it did not state that it was a presentment letter or was seeking relief under G.L.c. 258, the state tort claims act. It would have been far clearer—and indeed easier—had it done so. Such words would have been easy to add—and the plaintiff offers no comprehensible explanation for the obvious failure to do so. Instead, now, after the statutoiy two-year presentment window has closed (i.e., on April 14, 2013), it claims that the April 14, 2011 letter satisfies the standard; it does, but barely.
The letter satisfies the statute because it identifies the claimant, was sent to a proper official at the city, details the location of the incident, and claims that the law firm is representing the child with regard to injuries he sustained “while he was exiting the school when the metal frame on the door fell off and hit him on the head.” The basis for the legal claim is obvious: metal frames should not fall off a school house door and strike children in the head. The city cannot plausibly state it did not know what the child’s claim was about. It is further obvious that the talismanic word “negligence” need not be employed; this is obvious from the facts alleged.
Nevertheless, plaintiffs counsel would be well advised in the future, if he wishes to avoid creating a needless legalistic issue, to call a presentment letter that which it is, on its face.
ORDER
For these reasons, the defendant City’s motion to dismiss must be DENIED.